UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT HALL                                                    06 cv 11518 (Hellerstein Judge)

                              Plaintiff,     **COMPLAINT**

    -against-

NEW YORK CITY,
POLICE OFFICER BRENTON COLE OF THE 73rd PRECINCT
AND UNIDENTIFIED NEW YORK CITY POLICE OFFICERS.
                                                        **JURY TRIAL DEMANDED**

                              Defendant(s).
------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

## PARTIES

5    That the plaintiff, ROBERT HALL, is an African-American male and a resident of Kings County in the City and State of New York.

6    Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York.

7        Upon information and belief, that at all times hereinafter mentioned, defendants POLICE OFFICER BRENTON COLE OF THE 73rd PRECINCT and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS were employed by the defendant, NYC, as members of its police department and that at all times relevant defendants individual officers were acting within the scope of their employment as members of the NYPD.

8        Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

9        The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10       This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

11       Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

12       On April 25, 2006 at approximately 8:00 PM the plaintiff was pulled off of the "L" subway train for allegedly holding the doors open in an effort to enter the train, by defendant P.O. Cole at

the Rockaway Parkway station in Brooklyn.

13     Plaintiff, who has an advanced stage cancer, argued with the officer as to why he was put off the train.

14     P.O. Cole, in anger and with malice, pepper sprayed the plaintiff despite the fact that plaintiff posed no threat to the officer.

15     Plaintiff looks frail and was obviously extremely ill and was obviously not a physical threat to the defendant.

16     While plaintiff was blinded by the pepper spray, Cole struck plaintiff in the face.

17     P.O. Cole made no effort to provide plaintiff with water to flush his eyes or to otherwise minimize plaintiff's pain.

18     Plaintiff was arrested and brought by ambulance to the Brookdale University Hospital and Medical Center where he was finally treated for the macing injury and released into police custody.

19     Once released into police custody, Cole and Unidentified defendant officers at the 73rd precinct denied plaintiff his necessary medicine for his cancer.[1]

20     The NYPD maintains a policy of denying arrestees their medicines while in custody.

21     In the instant case, despite the fact that defendants knew plaintiff was terminally ill, they nevertheless denied him his medicines causing him severely increased pain while he was at the 73rd precinct.

22     Ultimately plaintiff was brought to central booking and from there he was sent to another hospital where he was then given his medications.

---

[1]     **Plaintiff's cancer is known as a G.I.S.T. gastrointestinal stromal tumor.  The medicines plaintiff alleges he was denied were Gleevac and his pain medication.**

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE
BY DEFENDANT OFFICER COLE AND VIA
DEFENDANT NEW YORK CITY PURSUANT TO MONELL**

23      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

24      That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendant P.O. Cole who unnecessarily maced plaintiff and stuck him while he was blinded from the macing.

25      That the said assault and battery of the plaintiff was effected by defendant P.O. Cole without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without plaintiff's consent, with malice, with sadistic intent and with an intent to inflict pain and suffering.

26      As a direct result of defendant's actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

27      That the defendant NYC is liable for the use of excessive force against the plaintiff pursuant to the Supreme Court's holding in M*onell* v. *New York City Dept. of Social Servs.*, 436 U.S. 658 (1978).

28      That defendant NYC is liable and legally responsible for the use of excessive force against

the plaintiff due to its failure to maintain an adequate Internal Affairs Bureau (IAB).

29      That defendant NYC is liable and legally responsible for the use of excessive force against the plaintiff due to its failure to maintain an adequate non partisan Civilian Complaint Review Board (CCRB).

30      That both the IAB and CCRB are largely maintained by the defendant NYC not to objectively investigate wrongdoings by members of the NYPD but rather to coverup, hide and exonerate members of the NYPD who commit acts which violate citizens' civil rights.

31      That the defendant NYPD by intentionally maintaining the ineffective and biased organizations the IAB and CCRB, encourage, condone, permit, allow, show deliberate indifference to and proximately cause the use of excessive force by members of the NYPD who are aware that they can escape punishment when they use excessive force, and in so doing defendant NYC is the proximate cause of plaintiff's harms.

32      Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officer in this case to engage in the above-mentioned conduct.

33      Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and

unreasonable force and in so failing the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case, to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

34      That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically requiring medical treatment, he was subjected to physical pain, humiliation, embarrassment, anxiety, he was subjected to various physical and emotional harms, and that plaintiff was otherwise harmed.

35      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and the plaintiff is entitled to an award of punitive damages against P.O. Cole only, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. § 1983 VIA VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS BY THE DENIAL OF MEDICAL CARE BY DEFENDANTS INDIVIDUAL POLICE OFFICERS AND VIA DEFENDANT NEW YORK CITY PURSUANT TO MONELL

36      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37      That the plaintiff's rights have been violated under the Fourth Amendment as made applicable to the states via the Fourteenth Amendment in that plaintiff was denied adequate medical care initially by defendant Cole who denied plaintiff the opportunity to flush his eyes and subsequently by Cole and by other Unidentified Officers and by New York City when plaintiff was

unnecessarily denied his medicines for an extended period of time while incarcerated.

38    That the defendants acted with "deliberate indifference" to plaintiff's health and safety in that they were aware initially upon arresting plaintiff and aware to a moral certainty after taking plaintiff to Brookdale Hospital that he suffered with cancer and that he faced a substantial risk of serious harm by denying him his medicines and the defendants disregarded that risk by failing to take reasonable measures to abate the risks and harms to which plaintiff was exposed.

39    That the defendants have a duty under the Fourth Amendment to provide humane conditions of confinement and pursuant to said obligation they must ensure that arrestees receive adequate medical care and that a constitutional violation has occurred in the instant matter and repeatedly to other arrestees in NYPD custody in that plaintiff and other arrestees were and are routinely as a matter of custom and policy deprived of their medications while in the custody of the NYPD.

40    That the deprivation of plaintiff's rights is, objectively, "sufficiently serious," to constitute a constitutional violation and that the defendants have acted with "deliberate indifference" to plaintiff and other arrestees' health and safety.

41    That the defendants have acted with deliberate indifference in that they knew that harms would will result from denying plaintiff his medications.

42    That the defendants acted with subjective recklessness, in that they disregarded a risk of harm of which they were aware of.

43    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution and that the denial of plaintiff's rights led directly to his being subjected to denial of adequate medical care.

44      That by reason of the aforementioned, the plaintiff was harmed physically, requiring medical treatment and hospitalization, and that the plaintiff was subjected to unnecessary pain and suffering as well as various emotional harms and that plaintiff was otherwise harmed.

45      That the defendant municipality, NYC, alerted to the problem of denial of medical care and medicines by repeated complaints, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for a sufficient policy in place to provide medicines and medical care in a timely manner to arrestees in need and that NYC has acted with deliberate indifference in failing to provide for those needs.

46      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and the plaintiff is entitled to an award of punitive damages against the defendants who are individuals, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and an award of punitive damages against P.O. Cole only, on the First Cause of Action and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988; plaintiff demands judgment against the defendants in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and an award of punitive damages against the individual defendants only, on the Second Cause of Action and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988 together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: October 29, 2006
      New York, New York

                                            FRED LICHTMACHER (FL-5341)
                                            Attorney for Plaintiff
                                            60 East 42nd Street Suite 2001
                                            New York, New York 10165
                                            (212) 922-9066

To:    Michael Cardozo
         Corporation Counsel City of New York
         100 Church Street
         New York, New York 10007